FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY 24 PM 3:20
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRINISHA CANTY and JOHN CANTY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, N.A., ) <br> ) <br> Defendant. ) <br> ) | CASE NO. CV417-032 |

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 17.) After careful consideration, Defendant's motion is **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

On November 20, 2015, Plaintiff Trinisha Canty visited the Wells Fargo bank located at 3507 West Bay Street in Savannah, Georgia. (Doc. 20, Attach. 2 at 1.) After finishing her business with the bank, Mrs. Canty proceeded to exit the store via the west access handicap ramp. (Id. at 2.) The west access handicap ramp ran from the bank's entrance down into the parking lot. (Id.) The lower portion of the ramp that sloped directly into the parking lot was outlined with yellow paint. (Id. at 4.) As Plaintiff reached the bottom of the ramp, she placed her foot on

the yellow paint outlining the lower portion of the ramp and fell, causing significant injuries to her foot and ankle. (Id.)

On December 22, 2016, Mrs. Canty brought suit in the State Court of Chatham County seeking recovery for her injuries. (Doc. 1, Ex. A.) In her complaint, Mrs. Canty sought compensatory damages for her injuries and punitive damages for Defendant's "conscious indifference" to the ramp's hazardous design. (Id. at 11-12.) According to Mrs. Canty, the ramp was improperly designed as the sides of the ramps were over five times as steep as permitted by the Americans with Disabilities Act. (Doc. 23 at 4.) Mrs. Canty's husband, John Canty, also joined her suit seeking loss of consortium damages due to his wife's injuries. (Doc. 1, Ex. A at 12.)

On February 22, 2017, Defendant invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.) Now, Defendant has filed a Motion for Summary Judgment. (Doc. 20.) In its motion, Defendant argues that Plaintiffs are not entitled to any recovery because Mrs. Canty was actually aware or should have been aware of the potential hazard presented by the lower portion of the ramp when she stepped on the yellow outline of the ramp and fell. (Doc. 20, Attach. 1 at 12-14.) In Defendant's view, Mrs. Canty knew that the ramp was potentially hazardous and did not exercise reasonable care when she decided to step on

the side of the ramp. (Id.) Alternatively, Defendant contends that at the very least Mrs. Canty's claim for punitive damages should be denied because she has failed to offer evidence that would support an award of punitive damages. (Id. at 14.) In response, Plaintiffs contend that they are entitled to relief because the ramp was improperly designed and Mrs. Canty had no duty to recognize the hazard created by the ramp's improper design. (Doc. 23 at 6-7.)

**ANALYSIS**

I. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense-or the part of each claim of defense-on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. <u>DeLong Equip. Co. v. Wash. Mills Abrasive Co.</u>, 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex</u>, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. <u>Matsushita</u>, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Id.</u> at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. <u>See, e.g.</u>, <u>Tidwell v. Carter Prods.</u>, 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts,

and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

II. PREMISE LIABILITY

Pursuant to O.C.G.A. § 51-3-1, a store owner or occupier has a statutory duty to exercise ordinary care in keeping its premises and approaches safe for invitees. This duty, however, does not make the owner or occupier of the land an insurer of invitees' safety, or create a presumption of negligence when an invitee is injured on an owner or occupier's land. See Perkins v. Peachtree Doors, Inc., 196 Ga. App. 878, 879, 397 S.E.2d 54, 55 (1990) ("To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state."). Rather, for an invitee to recover under a premise liability theory, the invitee must be able to prove (1) that the owner or occupier of the land had actual or constructive knowledge of the hazard; and (2) that, despite exercising ordinary care, the plaintiff lacked knowledge of the hazard's existence due to actions or conditions within the owner or occupier's control. Robinson v. Kroger Co., 268 Ga. 735, 748, 493 S.E.2d 403, 413-14 (1997).

In this case, there is no dispute that Mrs. Canty was an invitee on Defendant's property. Additionally, there is no

5

dispute that Defendant had knowledge that the lower portion of the handicap ramp could be hazardous for some customers. Rather, the dispute in this case and the only issue that the Court must now determine is whether Mrs. Canty lacked knowledge of the ramp's potential hazardous nature despite exercising ordinary care. On one hand, Defendant contends that Mrs. Canty had or should have had actual knowledge that the ramp was potentially dangerous when she stated that she saw the yellow paint outlining the lower portion of the ramp and understood that paint to mean that she should proceed with caution. (Doc. 20, Attach. A at 12-14.) On the other hand, Plaintiffs assert that the ramp's hazardous nature was not immediately apparent and that Mrs. Canty could not have fully appreciated the risk posed by the ramp's improper design. (Doc. 23 at 6-7.) Further, Plaintiffs argue that Mrs. Canty had no duty to look for the ramp or be on alert as to the potential risk it presented. (Id.)

It is true that Mrs. Canty has no duty as an invitee to search for hazards on Defendant's property. Robinson, 268 Ga. at 741. Plaintiffs' argument, however, completely misses the point. In this case, Defendant not only offered evidence that the ramp was an open and obvious static condition that was clearly painted to warn invitees that the ramp could be potentially hazardous, Defendant also offered evidence that

6

Plaintiff actually knew that the ramp was potentially hazardous. In her deposition, Plaintiff expressly stated that she not only saw the ramp, but also saw the yellow paint outlining the ramp, which in Plaintiff's view denoted that she should proceed with caution. (Doc. 20, Attach. 3 at 77.) While Plaintiff has no duty to actively look for hazards on Defendant's property, she cannot recover when she has knowledge that the hazard actually exists. See Trans-Vaughn Development Corp. v. Cummings, 273 Ga. App. 505, 509, 615 S.E.2d 579, 583 (2005) ("[E]ven assuming that the structure of the rear entranceway was defective, [plaintiff] 'had equal knowledge of the defects that allegedly caused her injuries,' precluding her recovery for damages sustained in the slip and fall incident." (internal citation omitted)); Hindmon v. Virgil's Food Mart, Inc., 252 Ga. App. 732, 732, 556 S.E.2d 135, 136 (2001) (denying recovery where a plaintiff noticed a shaggy rug on the floor before her shoe got stuck in the rug causing her to fall); Gresham v. Bell's Food Market, Inc., 244 Ga. App. 240, 240, 534 S.E. 2d 537, 538 (2000) (precluding recovery where a customer saw grocery carts prior to becoming entangled in the bottom of a cart and falling). In this case, the ramp was clearly marked with yellow paint and Plaintiff specifically recognized that the ramp could be hazardous before placing her foot on the side of the ramp. As a result, the evidence is

clear that Plaintiff and Defendant were both equally aware that the lower ramp was potentially hazardous. For this reason, Plaintiffs' claims must fail.[1]

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. 20.) As a result, Plaintiff's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of May 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because Plaintiffs are unable to show that Mrs. Canty is entitled to any recovery based on her premise liability theory, Plaintiffs' claims for punitive damages and loss of consortium damages also fail. See Ratliff v. McDonald, 326 Ga. App. 306, 314, 756 S.E.2d 569, 577 (2014) ("A claim for punitive damages is derivative in nature and 'will not lie in the absence of a finding of compensatory damages on an underlying claim.'" (quoting D.G. Jenkins Homes, Inc. v. Wood, 261 Ga. App. 322, 325, 582 S.E.2d 478, 482 (2003))); Brown v. Publix Super Markets, Inc., 626 F. App'x 793, 798 (11th Cir. 2015) ("Under Georgia law, loss of consortium claims are derivative actions that stem from the rights of a spouse." (citing Henderson v. Hercules, Inc., 253 Ga. 685, 685, 324 S.E.2d 453, 454 (1985))).